UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE F. LESLEY, | ) Case No. CV 18-8868 CAS(JC) |
| Petitioner, | ) MEMORANDUM OPINION AND<br>) ORDER DISMISSING ACTION |
| v. | ) |
| SUPERIOR COURT OF THE<br>STATE OF CALIFORNIA, etc.,<br>et al., | ) |
| Respondents. | ) |

## I.    BACKGROUND AND SUMMARY

On October 4, 2018, petitioner signed a document entitled "Petition for Writ of Mandate/Prohibition ([Cal.] Code of Civil Procedure Section[s] 1085-86, et seq.)[,]" which was formally filed on October 15, 2018 as a Petition for Writ of Habeas Corpus by a Person in State Custody in the instant action ("Petition"). Although not a model of clarity, the Petition was liberally construed to challenge the state court's refusal to resentence petitioner in Los Angeles County Superior Court Case No. BA176320 pursuant to Proposition 36[1] and Proposition 47.[2]

_____

[1]Proposition 36, also known as the Three Strikes Reform Act of 2012, which was enacted on November 6, 2012, and became effective the following day, modified California's Three

(continued...)

On November 30, 2018, the Magistrate Judge issued an Order to Show Cause ("OSC") which advised petitioner that the Petition was deficient for reasons described in the OSC, directed petitioner to show cause why the Petition should not be dismissed based upon such deficiencies, afforded petitioner leave to file a first amended petition for writ of habeas corpus, and directed the Clerk to provide petitioner with a blank current Central District habeas petition form for petitioner's use.[3] The OSC further expressly advised petitioner that the failure timely to respond thereto may result in the dismissal of the Petition based upon the referenced deficiencies and/or the dismissal of this action based upon petitioner's failure to comply with the OSC and/or his failure to prosecute.

Although the deadline to respond to the OSC expired more than two weeks ago – on December 14, 2018 – petitioner has not responded thereto. Nor has petitioner filed a first amended petition, or otherwise communicated with the Court since the issuance of the OSC.

---

[1](...continued)
Strikes Law, codified at California Penal Code sections 667 and 1710.12, as it applies to certain third-strike indeterminate sentences. See Cal. Penal Code § 1170.126.

[2]Proposition 47, also known as the Safe Neighborhoods and Schools Act, which was enacted on November 4, 2014, and became effective the following day, created a new resentencing provision, California Penal Code section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing. See Cal. Penal Code § 1170.18.

[3]Specifically, the Magistrate Judge advised petitioner, albeit in greater detail and with citation to authorities, that the Petition is deficient in the following respects: (1) it has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions; (2) it does not name a proper respondent; (3) petitioner's claims are not framed as federal constitutional claims and instead appear to challenge state law sentencing determinations which are not cognizable on federal habeas review; and (4) to the extent petitioner is seeking a writ of mandamus rather than a writ of habeas corpus, the Court does not have jurisdiction to issue a writ of mandamus to compel respondents – non-federal entities – to take the action requested by petitioner.

As discussed below, this action is dismissed due to petitioner's unreasonable failure to prosecute and petitioner's failure to comply with the OSC.

## II.    PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).[4]

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/ respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

///

---

[4]Pursuant to Rule 12 of the Habeas Rules, the Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or the Habeas Rules, may be applied to habeas proceedings.  Applying Rule 41(b) of the Federal Rules of Civil Procedure (and  its attendant interpretative case law) to this habeas proceeding is not inconsistent with the Habeas Rules or any statutory provision.

1    Dismissal is appropriate under the foregoing analysis "where at least four

2  factors support dismissal . . . or where at least three factors 'strongly' support

3  dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)

4  (citations omitted).  Where a plaintiff is proceeding *pro se*, however, the court must

5  first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has

6  an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted).

7  In addition, where a Magistrate Judge originally dismissed the complaint with

8  leave to amend, the District Judge must review that decision before dismissing the

9  entire action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss

10  complaints with leave to amend, the district court necessarily must review that

11  decision before dismissing the entire action.").  A district judge may not dismiss an

12  action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to

13  file an amended pleading) or for unreasonable failure to prosecute if the initial

14  decision to dismiss a complaint was

15  erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999)

16  (citing id.).

17  **III.    DISCUSSION AND ORDERS**

18          First, the Court has reviewed the OSC, agrees with the OSC, and finds that

19  the OSC was properly issued for the reasons discussed therein.

20          Second, petitioner has been notified that the Petition is deficient in multiple

21  respects, has been granted leave to file a proper first amended petition and has been

22  afforded the opportunity to show good cause why dismissal of the Petition and this

23  action would not be appropriate.  Petitioner has not done so.

24          Finally, upon consideration of the five factors noted above, the Court finds

25  that petitioner's unreasonable failure to prosecute his case and failure to comply

26  with the OSC warrants dismissal.  The first two factors – the public's interest in

27  expeditiously resolving this litigation and the Court's interest in managing the

28  docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance

1  indefinitely awaiting petitioner's response to the Court's directive.  The third
2  factor, risk of prejudice to respondents, also weighs in favor of dismissal since a
3  presumption of injury arises from the occurrence of unreasonable delay in
4  prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.
5  1976).  The fourth factor, the public policy favoring disposition of cases on their
6  merits, is greatly outweighed by the factors in favor of dismissal discussed herein.
7  Finally, as petitioner has already been cautioned of the consequences of his failure
8  to prosecute and his failure to comply with the OSC, has been afforded the
9  opportunity to do so, and has not responded, no sanction lesser than dismissal
10  without prejudice is feasible.

11       IT IS THEREFORE ORDERED that this action is dismissed without
12  prejudice based upon petitioner's unreasonable failure to prosecute and his failure
13  to comply with the OSC, and that judgment be entered accordingly.

14       IT IS FURTHER ORDERED that the Clerk serve a copy of the instant
15  Memorandum Opinion and Order Dismissing Action and the judgment on
16  petitioner and any respondent who has appeared in this action.

17       IT IS SO ORDERED.
18  DATED: _1/8/2019_____

19
20  _____
21  HONORABLE CHRISTINA A. SNYDER
    UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

5